Denise L. BULEBOSH and Michael
J. Bulebosh, Jr., her husband,
Appellees

v.

Robert FLANNERY; Westmoreland
Podiatry Associates.

Appeal of Robert Flannery,
D.P.M., Appellant.

Superior Court of Pennsylvania.

Argued Jan. 28, 2014.
Filed April 22, 2014.
Reargument Denied June 24, 2014.

1242

John W. Jordan, IV, Pittsburgh, for appellant.

Ned J. Nakles, Jr., Latrobe, for appellee.

BEFORE: BOWES, WECHT, and STABILE, JJ.

OPINION BY BOWES, J.:

In this medical malpractice action, Robert Flannery, D.P.M., appeals from the March 21, 2013 order denying his summary judgment request, which was premised on the statute of repose of the Medical Care Availability and Reduction of Error Act ("MCARE"), 40 P.S. § 1303.501. The collateral order doctrine provides the basis for our jurisdiction to entertain this interlocutory appeal. *See Osborne v. Lewis*, 59 A.3d 1109 (Pa.Super.2012).[1] We conclude that the statute of repose does not apply to Mrs. Bulebosh's cause of action, which arose prior to its effective date, and hence, we affirm.

Denise Bulebosh and her husband Michael commenced this medical negligence action against Dr. Flannery on February 2, 2005, by a praecipe for writ of summons. In the complaint filed on May 6, 2005, they alleged that Dr. Flannery was negligent in performing unsuitable surgeries to implant STA-peg devices in both of wife-plaintiff's feet in 1985 and 1989, respectively. Additionally, the Buleboshes alleged that during the 2000 surgery to remove the device from Mrs. Bulebosh's left foot, Dr. Flannery negligently failed to remove the entire device. Finally, they alleged that Dr. Flannery failed to provide informed consent prior to the 1985 and 1989 surgeries. Mrs. Bulebosh pled that she first became aware of Dr. Flannery's potential negligence and her lack of informed consent after an August 8, 2003 surgery performed by Dr. Carl Hasselman.

In his answer and new matter, Dr. Flannery pled that both MCARE's statute of limitations and statute of repose barred maintenance of the action. On March 7, 2011, Dr. Flannery filed a motion for summary judgment premised on those defenses, which was denied on June 16, 2011. On or about January 28, 2013, Dr. Flannery renewed his summary judgment request by means of a motion *in limine* /motion for reconsideration/petition to file an interlocutory appeal.[2] He asked the court to reconsider its denial of summary judgment in light of two subsequent deci-

---

1. This Court held in *Osborne v. Lewis*, 59 A.3d 1109 (Pa.Super.2012), that an order denying summary judgment on the issue of the MCARE statute of repose, although interlocutory, was appealable as a collateral order pursuant to Pa.R.A.P. 313 because 1) the issue was factually and legally distinct from the underlying medical malpractice issues; 2) the

interests were too important to be denied review; and 3) since application of the statute of repose would result in immunity from suit, substantial cost would be incurred if review were to be postponed.

2. For reasons unknown, this motion was not docketed until June 19, 2013.

sions of this Court involving the MCARE Act statute of repose: *Osborne v. Lewis, supra,* and *Matharu v. Muir,* 29 A.3d 375 (Pa.Super.2011) (*en banc* ). *Matharu* was thereafter vacated by the Pennsylvania Supreme Court and remanded for reconsideration to this Court, —— Pa. ——, 73 A.3d 576 (2013), but we reaffirmed our prior ruling upon remand. *Matharu v. Muir,* 2014 PA Super 29, 86 A.3d 250 (Pa.Super.2014) (*en banc* ). On March 21, 2013, the trial court again denied the motion, but included in its order the statement required by 42 Pa.C.S. § 702(b) for an appeal by permission pursuant to Pa.R.A.P. 1311. Rather than seek permission from this Court to appeal, however, Dr. Flannery filed an appeal as of right pursuant to Pa.R.A.P. 313.

Appellant presents one issue for our review: "Does the seven-year statute of repose provided by 40 P.S. § 1303.513(a) (effective March 20, 2002) bar claims filed in 2005 by plaintiffs who learned in 2003 that the injuries complained of were caused by malpractice by the defendant in surgeries performed in 1985 and 1989?" Appellant's brief at 5.

■ The applicability of the MCARE statute of repose presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Osborne, supra.* We must construe 40 P.S. § 5105(b), which provides that the statute of repose in 40 P.S. § 1303.513[3] "shall apply to causes of action which arise on or after the effective date of this section." 40 P.S. § 5105(b). The effective date is March 20, 2002.

■ Until the legislature enacted MCARE, and specifically 40 P.S. § 1303.513, there was no statute of repose applicable to medical negligence actions. The only time limitation on commencement of professional liability actions was the general two-year statute of limitations in 42 Pa.C.S. § 5502, as modified by the discovery rule. It is uncontroverted that if the MCARE statute of repose is applicable in this case, all claims arising from the negligent surgeries in 1985 and 1989 are time-barred pursuant to Section 1303.513(a), as the tortious acts occurred more than seven years before the commencement of the within action.[4] The

3. Title 40 P.S. § 1303.513 provides:

(a) GENERAL RULE.—Except as provided in subsection (b) or (c), no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract.

(b) INJURIES CAUSED BY FOREIGN OBJECT.—If the injury is or was caused by a foreign object unintentionally left in the individual's body, the limitation in subsection (a) shall not apply.

(c) INJURIES OF MINORS.—No cause of action asserting a medical professional liability claim may be commenced by or on behalf of a minor after seven years from the date of the alleged tort or breach of contract or after the minor attains the age of 20 years, whichever is later.

(d) DEATH OR SURVIVAL ACTIONS.— If the claim is brought under 42 Pa.C.S. § 8301 (relating to death action) or 8302

(relating to survival action), the action must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death.

(e) APPLICABILITY.—No cause of action barred prior to the effective date of this section shall be revived by reason of the enactment of this section.

(f) DEFINITION.—For purposes of this section, a "minor" is an individual who has not yet attained the age of 18 years.

40 P.S. § 1303.513.

4. Statutes of repose provide that a lawsuit cannot be commenced after a certain time, regardless of whether the cause of action has accrued. Generally, as here, a statute starts to run from the negligent act or tort. Thus, such statutes "potentially bar a plaintiff's suit before the cause of action arises," in contrast to "statutes of limitation [that] limit the time

claim based on Dr. Flannery's negligent failure to remove the entire STA-peg device in 2000 would not be extinguished, however, as it falls within the exception to the seven-year statute of repose for injuries caused by foreign objects unintentionally left in the individual's body. 40 P.S. § 1303.513(b).

Our courts have previously grappled with the issue of when a cause of action arises. In *Ieropoli v. AC & S Corp.*, 577 Pa. 138, 842 A.2d 919, 929–30 (2004), our Supreme Court noted that, "the phrase does not have a single definition, and means different things depending on context."

> At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed.

*Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860, 864 (1951) (quoting *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 67–68, 53 S.Ct. 278, 77 L.Ed. 619 (1933) (footnotes omitted)).

In *Olshan v. Tenet Health System City Avenue, LLC*, 849 A.2d 1214 (Pa.Super.2004), this Court examined the meaning of the language "county in which the cause of action arose" in 42 Pa.C.S. § 5101.1, the venue provision applicable to medical negligence actions. The plaintiff in that case was misdiagnosed in one coun-

ty but filed suit in another county. We held that for venue purposes, the cause of action arose in the county where the negligent act or omission occurred. *In accord Bilotti–Kerrick v. St. Luke's Hospital*, 873 A.2d 728, 731 (Pa.Super.2005) (holding for purposes of venue, "cause of action" in negligence cases means "the negligent act or omission, as opposed to the injury which flows from the tortious conduct"); *Peters v. Sidorov*, 855 A.2d 894 (Pa.Super.2004) (cause of action arose in county where drug was misprescribed, not the county where the injury occurred upon ingestion of the drug).

 Traditionally, in actions to recover damages for personal injuries, our courts have looked to the date of the negligent act or omission as the inception date for a cause of action. *Focht v. Focht*, 613 Pa. 48, 32 A.3d 668 (2011) (citing *Wilson v. El-Daief*, 600 Pa. 161, 964 A.2d 354, 361 (2009) and *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857 (2005)). *Fine* expressed "the general rule that a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Wilson, supra* at 361. The rule presupposes, however, that an ascertainable harm is apparent when injury has been inflicted. This is consistent with the definition of a "medical professional liability claim" in the MCARE statute as "Any claim seeking the recovery of damages or loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." 42 Pa.C.S. § 5101.1.

in which a plaintiff may bring suit after the cause of action arises." *Matharu v. Muir*, 2014 PA Super 29, 86 A.3d 250 (Pa.Super.2014) (*en banc*) (quoting *Vargo v. Koppers Co., Inc.*, 552 Pa. 371, 715 A.2d 423, 425 (1998)). "While a statute of limitations mere-

ly bars a party's right to a remedy, a statute of repose completely abolishes and eliminates a party's cause of action." *Abrams v. Pneumo Abex Corp.*, 602 Pa. 627, 981 A.2d 198, 211 (2009).

The dispositive questions herein are when did Mrs. Bulebosh's cause of action arise and was it before or after the effective date of the MCARE statute. Dr. Flannery contends that Mrs. Bulebosh's cause of action did not accrue until August 8, 2003, the date she became aware of his possible negligence. He cites *Wilson v. El–Daief, supra,* and *Osborne, supra,* in support of his contention that the time before a plaintiff is alerted to the possibility that he has a negligently-caused injury is part of accrual of a cause of action. In *Osborne,* we held that the plaintiff's cause of action arose in 2003 when his vision began to deteriorate. Dr. Flannery construes our holding as additionally requiring some suspicion that the tortious act and the injury are causally connected before a cause of action would arise.

The Buleboshes contend that under *Osborne,* the cause of action arises for purposes of the statute of repose when the negligent act has resulted in ascertainable injury. While the negligently undertaken LASIK surgery in *Osborne* predated the effective date of the statute of repose, there was no discernible injury until 2003 at the earliest, after the statute's effective date. The cause of action arose not when the negligent act occurred, but upon manifestation of the injury. Herein, the alleged contraindicated STA-peg surgeries occurred in 1985 and 1989. The pain and complications from the procedures necessitated removal of the devices in 1992 and 2000, which, according to the Buleboshes, establishes the latest possible date when the injury was manifested. Hence, the Buleboshes maintain that the cause of action arose two years prior to the effective date of the MCARE statute of repose, and that statute does not apply.

Furthermore, the Buleboshes contend that our holding in *Osborne* hinged on the plaintiff's realization that he was injured, *i.e.,* that his vision had deteriorated, not on his awareness of a potential cause of action. They argue that Dr. Flannery is conflating the date when a plaintiff becomes aware of a potential cause of action for purposes of the statute of limitations and the date when a cause of action first accrues for statute of repose purposes, which are two distinct concepts. The accrual date asserted by Dr. Flannery is actually, according to the Buleboshes, the notice date for the running of the two-year statute of limitations, not the date when the injury was apparent.

■ The Buleboshes' reading of our decision in *Osborne* is correct. Claims resulting from a tort that occurred prior to the effective date of the MCARE Act may be subject to the Act's statute of repose if the cause of action resulting from the tort did not arise until after the effective date of the Act. Mr. Osborne's "cause of action did not arise until [he] suffered ascertainable negative effects of the LASIK surgery." *Id.* at 1115. We distinguished between "injury" and "harm", and held that, even if a plaintiff had been injured, he could not pursue a claim for damages until he exhibited some "physical manifestation of harm" resulting from the injury. *Id.; see also Ingenito v. AC & S, Inc.,* 430 Pa.Super. 129, 633 A.2d 1172, 1178 (1993). In *Osborne,* the negligent LASIK eye surgery was performed in 2000. However, the plaintiff did not experience any "physical manifestation of **harm** resulting from the injury" until his vision began to deteriorate in 2003 or 2004. *Osborne, supra* at 1115 (emphasis in original). We held that the cause of action arose when there was an ascertainable injury in 2003, which was after the effective date of the statute of repose. Contrary to Dr. Flannery's assertion, the cause of action did not arise in *Osborne* when Mr. Osborne knew or discovered with the exercise of reasonable

diligence the connection between the LA-SIK surgery and his deteriorating vision. Rather, the cause of action arose once Mr. Osborne suffered some manifestation of a physical injury. Until that point in time, he had no damages.

Our most recent decision in *Matharu v. Muir, supra,* is also instructive in determining when a cause of action arises for purposes of the MCARE statute of repose. The negligent act therein was the physician's failure to administer RhoGAM during mother's pregnancy in 1998. Consequently, mother became iso-immunized, which presented a risk to any children conceived later, but did not result in actual damages at that time. A later-born child died on November 12, 2005, due to complications caused by the earlier negligence. It was undisputed that the MCARE statute of repose controlled because while the tort occurred in 1998, prior to the effective date of the statute of repose, the cause of action did not arise until the injury/death, which occurred after the effective date of MCARE.

█ Thus, according to *Osborne* and *Matharu,* for purposes of determining the applicability of the MCARE statute of repose, a cause of action in medical professional negligence arises when the negligent act results in a discernible injury. In each of those cases, the statute of repose governed since the cause of action arose after its effective date when the "physical manifestation of harm" resulted from the pre-MCARE tortious conduct.

█ As this Court noted in *Osborne, supra,* this view of when a cause of action arises is consistent with long-standing precedent precluding recovery for diagnosed asbestos-related diseases where there had been no manifestation of physical symptoms. The Supreme Court held in *Simmons v. Pacor, Inc.,* 543 Pa. 664, 674 A.2d 232 (1996), that, absent harm,

there was no physical injury that would warrant a damage award. The same rationale was employed in *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), where a plaintiff sued the surgeon who left a sponge in him for nine years. Our High Court held that a cause of action could not accrue until an injury was actually discernible, *i.e.,* when the sponge's presence produced harm. It is also consistent with our established holding that, generally, for purposes of the statute of limitations, a cause of action accrues, and the right to institute suit arises, when an injury is inflicted. *Fine v. Checcio, supra.* In those instances where a party is reasonably unaware of his or her injury at the time the cause of action accrued or the causal connection between an injury and another's conduct, the discovery rule may operate to toll the statute of limitations. *Id.* at 859.

Applying *Osborne* and *Matharu* to the facts before us, we arrive at a different result. In those cases, the negligent act or omission predated the MCARE Act, but the manifestation of the harm post-dated the effective date of the statute. Thus, the causes of action arose after the effective date of the statute of repose provision and the statute applied. In *Osborne,* the statute of repose barred the action. In *Matharu,* the subsection 1303(d) exception to the seven-year limitation for death actions rendered the action timely.

█ In the instant case, there were no ascertainable negative effects when the contraindicated surgeries were performed. The injury, *i.e.,* the physical manifestation of the harm, occurred years later when Mrs. Bulebosh experienced pain that necessitated additional surgeries to remove the STA-pegs in 1992 and 2000. However, in contrast to *Osborne* and *Matharu,* both the negligent act and the ascertainable injury in the instant case predated 2002,

the effective date of the MCARE statute of repose. Thus, the MCARE statute of repose is inapplicable and summary judgment was properly denied on that basis.

Order affirmed.