J-S38008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA MASON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DOUGLAS ROSENBLUM | : | No. 1306 EDA 2022 |

Appeal from the Order Entered April 8, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210201867

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MAY 23, 2023**

Barbara Mason ("Mason") appeals from the order granting the motion of Douglas Rosenblum ("Rosenblum") for judgment on the pleadings and dismissing Mason's complaint.  We affirm.

The trial court provided the relevant factual and procedural history as follows:

> In . . . 2017, [Rosenblum] engaged in a child custody proceeding with [Mason's] daughter, seeking custody arrangements [for Mason's] grandchild.  During the course of these proceedings, [Rosenblum] introduced an audiotape from 2006 which had allegedly recorded [Mason's] husband directing hostile and threatening language toward [Rosenblum's] parents. [Rosenblum] continued to reference this audiotape throughout the duration of the child custody proceedings, until the matter settled on February 22, 2019.
>
> On February 19, 2021, [Mason] filed a Writ of Summons against [Rosenblum] and a [c]omplaint on June 7, 2021. [Mason's] suit alleged damages for intentional infliction of emotional distress stemming from the use of the audiotape during the custody proceeding.  The [c]omplaint further alleged that

[Rosenblum] manufactured and doctored the audiotape[] for use in the custody proceedings, with the intent to negatively impact [Mason's] relationship with her granddaughter.

[I]n July [] 2021, [Rosenblum] filed preliminary objections[,] claiming that [Mason's] [c]omplaint was legally insufficient, included scandalous matters, and violated the statute of limitations. [I]n August [] 2021, [the trial court] overruled all of [Rosenblum's] preliminary objections. [Rosenblum then filed an answer with new matter, including a counterclaim. Mason filed preliminary objections to the counterclaim, which the trial court sustained, but no reply to the new matter.]

On February 28, 2022, [Rosenblum] filed a [m]otion for [j]udgment on the [p]leadings, arguing that [Mason's] claims were barred by a two-year statute of limitations. [Only thereafter, on March 7, 2022, did Mason file a reply to the new matter in Rosenbum's answer. Mason also filed on March 21, 2022 a response to Rosenblum's motion for judgment on the pleadings.] On April 7, 2022, [another judge of the same court] granted [Rosenblum's] motion.

[I]n April [] 2022, [Mason] filed a [m]otion for [r]econsideration . . .. On May 5, 2022, [Mason timely] filed [her n]otice [of a]ppeal and filed a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal [pursuant to Pa.R.A.P. 1925(b), and the trial court complied with Pa.R.A.P. 1925(a)]. . ..

Trial Court Opinion, 7/26/22, at 1-2.

Mason raises the following issues for our review:

1. Did the [t]rial [c]ourt err as a matter of law in finding that [Rosenblum's] conduct forming the basis of [Mason's] allegations in the[] complaint was outside the two[-]year statute of limitations?

2. Did the [c]ourt err as a matter of law in contradicting the law of the case when [Mason's] preliminary objections raised the same issue of statute of limitations and were overruled?

Mason's Brief at 4.

Our standard of review for orders granting judgment on the pleadings is as follows:

> [A]ppellate review . . . is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.
>
> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (internal citation and indentation omitted); *see also Monroe v. CBH20, LP*, 286 A.3d 785, 796 (Pa. Super. 2022) (stating that "[o]ur review [in such cases] . . . is limited to determining whether the trial court abused its discretion or committed an error law") (internal citation omitted).

As both of Mason's issues hinge on an assertion that the trial court erred as a matter of law in granting Rosenblum's motion for judgment on the pleadings, we address them together. Pennsylvania Rule of Civil Procedure 1034 provides:

> (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

\* \* \* \*

- 3 -

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.C.P. 1034.

The applicable statute of limitations for certain tortious conduct, including intentional infliction of emotional distress,[1] is two years:

The following actions and proceedings must be commenced within two years:

\* \* \* \*

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524; *see also Long v. Ostroff*, 854 A.2d 524, 529 (Pa. Super. 2004) (applying section 5524(7) to an intentional inflection of emotional distress claim). Statutes of limitation begin to run when a claim accrues. *See*, *e.g.*, *Kornfeind v. New Werner Holding Co., Inc.*, 280 A.3d 918, 928 (Pa. 2022).[2] Generally, "for purposes of the statute of limitations,

---

[1] "The gravamen of the tort of [intentional infliction of emotional distress] is outrageous conduct on the part of the tortfeasor. Specifically, a plaintiff must prove that the defendant[,] by extreme and outrageous conduct[,] intentionally or recklessly cause[d] severe emotional distress." *Gray v. Huntzinger*, 147 A.3d 924, 927 (Pa. Super. 2016) (internal citations and quotations omitted; some brackets in original).

[2] Mason concedes that the two-year statute of limitations applies. *See* Mason's Brief at 14.

a cause of action accrues, and the right to institute suit arises, when an injury is inflicted." ***Bulebosh v. Flannery***, 91 A.3d 1241, 1246 (Pa. Super. 2014).[3]

Pursuant to the coordinate jurisdiction rule, which this Court has described as an aspect of the law of the case doctrine, "a trial court judge may generally not alter the resolution of a legal question previously decided by another judge of the court." ***Heart Care Consultants, LLC v. Albataineh***, 239 A.3d 126, 132 (Pa. Super. 2020). This Court has further explained:

> This rule, however, applies only where the second judge rules on the same type of motion as the first judge; [thus,] the coordinate jurisdiction rule does not bar a judge at a later and different procedural stage of the proceedings from overruling another judge's decision on preliminary objections, ***even on an identical legal issue and even where the record is unchanged.***

***Id***. (emphasis added). Crucially, "[w]here the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." ***Riccio v. Am. Republic Ins. Co.***, 705 A.2d 422, 425 (Pa. 1997) (internal citation omitted).[4]

---

[3] The statute of limitations may be tolled "[i]n those instances where a party is reasonably unaware of his or her injury at the time the cause of action accrued or the causal connection between an injury and another's conduct . . .." ***Bulebosh***, 91 A.3d at 1246 (internal citation omitted).

[4] Affirmative defenses, including statutes of limitation, are properly raised in new matter, rather than in preliminary objections. ***Compare*** Pa.R.C.P. 1030 (providing that affirmative defenses, including statute of limitations, are
*(Footnote Continued Next Page)*

Mason asserts the trial court erred in granting Rosenblum's motion for judgment on the pleadings because she initiated her action against Rosenblum within the two-year statute of limitations. *See* Mason's Brief at 14. Mason maintains Rosenblum's tortious conduct was not limited to the introduction of the "altered tape" in 2017, but continued up until the settlement of the custody matter on February 22, 2019. *See id*. As Mason filed her praecipe for a writ of summons on February 19, 2021, she argues the statute of limitations did not bar the action. Mason lastly asserts that because the trial court denied a statute of limitations defense at the preliminary objections stage, the law of the case doctrine prohibited a contrary ruling at the motion for judgment on the pleadings stage. *See id*. at 16-17.

The trial court considered Mason's issue and concluded it merited no relief. The court explained:

> Here, [Mason] alleges that [Rosenblum] used a recording in 2017 with the intent to cause [her] emotional harm. The subject recording was made in 2006. [*See*] Compl. ¶ 12. [Mason] alleges that she came to learn of the recording through the course of the child custody proceedings involving her daughter and [Rosenblum] in 2017. [*See*] Compl. ¶ 12-13. [Mason] alleges in her complaint that, in December of 2017, a court-appointed evaluator made a custody recommendation based on the recording. [*See*] Compl. ¶ 18-19. In addition, [Mason's] husband filed a separate suit against [Rosenblum] in 2017, also regarding the recording in question. [*See*] Compl. ¶ 20. Based on these events listed in [Mason's] own complaint, [Mason] first became

---

properly raised in new matter) **with** Pa.R.C.P. 1028(a)(4), note (stating that "[t]he defense of . . . statute of limitations can be asserted only in a responsive pleading as new matter under Rule 1030").

aware of the recording in 2017, as well as the allegedly negative effect it was having on her and her family.

Therefore, [Mason's] action accrued in 2017 as she had reason to know of the injuries being inflicted by this recording. Since [Mason] did not initiate this claim until February 19, 2021, the statute of limitations would bar any action that accrued prior to February 19, 2019. [Mason] alleged in her complaint that a "continuing course of conduct continued through February 22, 2019." Compl. ¶ 31. However, [Mason's] conclusory allegation contains neither specific actions of [Rosenblum] nor dates of those actions on or after February 19, 2019 that would form the basis of a claim of intentional infliction of emotional distress, as required by [Pa.R.C.P.] 1029(f).

* * * *

[Regarding Mason's law of the case issue,] a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. However, where motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings . . . a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. As such, this court was not precluded from granting [Rosenblum's] motion for judgment on the pleadings[,] even if the statute of limitations issue was overruled in a prior preliminary objection.

Trial Court Opinion, 7/26/22, at 4-6 (some internal citations, quotations, underlining, and unnecessary capitalization omitted).

Following our review, we discern no error of law by the trial court. According to Mason's complaint, the recording was created around 2006 or 2007. *See* Complaint, 6/7/21, at ¶ 12. Rosenblum filed a custody petition in 2017 and presented the recording to a court-appointed custody evaluator. *See id*. at ¶¶ 11-18. The custody evaluator allegedly "made a recommendation . . . based largely on the fraudulent tape that was given to

her." *Id*. at ¶ 18. The evaluator also interviewed Mason and her husband "after listening to the fraudulent tape . . .." *Id*. Mason alleged, at that time, "[t]he lies that were told during the evaluation process caused extreme stress and suffering to [her]." *Id*. After the custody evaluator made her recommendation, Mason's daughter sought a trial, which was scheduled for December 2017. *See id*. at ¶ 19. As the foregoing illustrates, Rosenblum presented the recording in 2017, at which time, Mason became aware of its existence and suffered "extreme stress and suffering." Accordingly, Mason's alleged injury was first inflicted in 2017, and her cause of action therefore accrued at that time. *See Bulebosh*, 91 A.3d at 1246.[5] Because Mason did not initiate suit within two years of her injury, but rather waited until 2021, her claim fell outside of the two-year statute of limitations, and the trial court committed no error of law in granting Rosenblum's motion for judgment on the pleadings.

The trial court likewise committed no error of law in concluding that its ruling at the preliminary objections stage did not preclude it from granting relief following Rosenblum's motion for judgment on the pleadings. As noted

---

[5] While Mason alleges Rosenblum's tortious conduct continued through the duration of the custody proceedings up to the settlement on February 22, 2019, she advanced no specific dates or separate injuries following Rosenblum's 2017 production of the recording; and, in any event, by Mason's own factual averments, she was aware of the injury in 2017. *Cf*. *Bulebosh*, 91 A.3d at 1246 (explaining that the statute of limitations may be tolled in some instances where a party was reasonably unaware of her injury at the time the cause of action accrued).

above, where motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, a judicial ruling granting relief on a later motion is not precluded merely because an earlier motion was denied. *See Riccio*, 705 A.2d at 425; *see also* Pa.R.C.P. 1030 (providing that a statute of limitations defense should be raised in new matter); *cf*. Pa.R.C.P. 20128(a)(4), note (stating that a statute of limitations defense should not be asserted in preliminary objections but new matter). Thus, the trial court did not contravene the coordinate jurisdiction rule by granting Rosenblum's motion for judgment on the pleadings based on the statute of limitations defense, notwithstanding the court's earlier overruling of Rosenblum's preliminary objections in which he asserted the same defense.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023