DLD-200                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3298
_____

CAROLYN J. FLORIMONTE,
                                                    Appellant

v.

BOROUGH OF DALTON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00341)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: May 20, 2015)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Carolyn Florimonte appeals pro se from the District Court's order dismissing her 42 U.S.C. § 1983 complaint. For the reasons set forth below, we will grant the Appellee's motion and summarily affirm the judgment of the District Court.

I.

This action is Florimonte's tenth lawsuit over two drainage pipes that the Borough of Dalton installed on her property before she purchased it, and which allegedly discharged water that damaged her property. Florimonte filed the prior nine lawsuits in state court. In the first action, she obtained equitable relief, but no damages. Her next eight actions were dismissed because she was suing over the same set of facts, raising the same claims or claims that could have been raised in her first action. Florimonte then filed this action, which the District Court dismissed as barred by the doctrine of res judicata, or claim preclusion.

Florimonte timely appealed pro se. The Borough of Dalton moved for summary affirmance,[1] arguing that her action is clearly barred by the doctrine of res judicata. The Borough also requested, based on Florimonte's serial lawsuits over the same set of facts, that the Court bar Florimonte from filing any further appeals on matters raised in her complaint. Florimonte opposed these requests and filed a separate motion for relief,

---

[1] Although the Borough styled its request as a motion to dismiss the appeal, we understand it to be a motion for summary affirmance.

arguing that a change in state law indicates that her state law actions should not have been dismissed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court correctly concluded that Florimonte's action is barred by the doctrine of res judicata. She is suing the same defendants over the same set of facts and raising the same claims that were previously decided on the merits or claims that could have been raised in her first action. Res judicata therefore applies. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548-50 (3d Cir. 2006). Accordingly, the District Court properly dismissed Florimonte's complaint, and we will grant the Borough's motion to summarily affirm.[2]

---

[2] The District Court also correctly declined to grant Florimonte leave to amend as amendment would have been futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

At this stage, however, we will decline the Borough's request for an order restricting Florimonte from filing further appeals. See 28 U.S.C. § 1651. "[S]uch injunctions are extreme remedies and should be narrowly tailored and sparingly used." In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). Although Florimonte has filed several actions in state court on this matter, this is her first in federal court, and thus an injunction on her access to this Court seems premature. If Florimonte files additional duplicative or frivolous actions on this matter in the future, then we will reconsider whether to restrict her access to this Court or to impose other appropriate sanctions, including monetary penalties.

### III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. In light of our disposition, we will also deny Florimonte's request for relief.[3]

---

[3] Florimonte's request for relief is not completely clear, but she seems to argue that changes to Pennsylvania's civil procedure in 2004 indicate that her state law actions should not have been dismissed. She has raised this argument in state court to no avail, and, in any event, it does not disturb our conclusion that this action is barred by res judicata.