**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1490
_____

CAROLYN J. FLORIMONTE,
                                        Appellant

v.

BOROUGH OF DALTON,
also known as Borough Council
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01063)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2018

Before: SHWARTZ, KRAUSE and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carolyn Florimonte appeals the District Court's order dismissing her complaint. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Florimonte's claims are well known to the parties, are set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, Florimonte filed a lawsuit in state court complaining of drainage pipes that Appellee Borough of Dalton allegedly installed on her property before she purchased it and which discharged water that damaged her property. She obtained equitable relief (the filling and capping of the pipes), but waived her right to damages.[1] She filed eight more actions in the state court which were dismissed because she was suing over the same set of facts. In 2014, Florimonte filed a complaint in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed her claims as barred by the doctrine of res judicata. Florimonte appealed, and we affirmed the District Court's decision. See Florimonte v. Borough of Dalton, 603 F. App'x 67 (3d Cir. May 20, 2015) (per curiam).

In June 2017, Florimonte filed another complaint in the District Court. Seeking to undermine the res judicata ruling, she alleged that the Borough prevailed in all the prior cases due to fraud and requested that all the state and federal judgments against her be vacated. She contended that the District Court had the power under Fed. R. Civ. P.

---

[1] The Commonwealth Court determined that Florimonte "abandoned her claim for money damages, specifically objected to the inclusion of damages, and stated she would only continue with her equitable claim. Accordingly, Appellant has affirmatively waived her right to recover money damages." Florimonte v. Borough of Dalton, No 987 C.D. 2012, 2013 WL 3973727, at *11 (Pa. Commw. Ct. April 4, 2013) (citations omitted).

60(d)(1) and (3) to entertain the action. She listed over thirty documents which she believed were "self-explanatory" and provided a "comprehensive history of the frauds." The Borough filed a motion to dismiss, and Florimonte filed an amended complaint. A Magistrate Judge recommended that the motion to dismiss be granted for failure to state a claim. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint. Florimonte filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In his Report and Recommendation, the Magistrate Judge set forth the lengthy litigation history between the parties and performed a thorough analysis of Florimonte's arguments. We have little to add to his analysis. We agree with the District Court that Florimonte has failed to state claims for relief under Fed R. Civ. P. 60(d)(1) & (3) and, therefore, has not shown that the District Court's earlier res judicata ruling should be set aside.

Pursuant to Rule 60(d)(1), an independent action is available to relieve a party from a judgment, but "only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). Under Rule 60(d)(3), a court may set aside a judgment for fraud on the court. Fraud on the court must be intentional, directed at the court, and committed by an officer of the court. In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017). A finding of fraud on the court requires "egregious conduct" and must be supported by "clear, unequivocal, and convincing evidence." Id. The fraud must deceive the court. Id.

In her brief, Florimonte explains that the fraud she complains of is the Borough's alleged failure to admit that it installed the drainage pipes on her property. Br. at 10.

3

While she alleges that the Borough destroyed documents, her evidence in support is a letter *she* wrote to her attorney alleging that an anonymous source told her that unspecified documents were being shredded at the Borough's office. Likewise, she suggests that her own statements in her complaint provide proof of fabrication of evidence. Br. at 19. Moreover, the documents she points to as evidence were available to her at the time she filed her first federal complaint. Thus, she could have brought this alleged fraud to the District Court's attention during the proceedings addressing her first federal complaint.

Florimonte has failed to set forth facts suggesting a grave miscarriage of justice. Nor has she alleged egregious conduct or intentional fraud that deceived the District Court. As noted by the Magistrate Judge in his Report and Recommendation, "[a]ll of the conduct alleged occurred prior to the initiation of that federal civil action, none of it was directed at this Court, and none of it can be said to have deceived this Court." Report and Recommendation at 17. Florimonte has not shown that the District Court erred in refusing to set aside its prior judgment.[2]

---

[2] In her brief, Florimonte repeatedly criticizes the Magistrate Judge for mentioning that her witness, Robert Fisher, testified at the state court trial. She emphasizes that Fisher died in 2010 and state court trial was in 2011. However, Florimonte herself asserted in her amended complaint that "[o]n April 3, 2009, Fisher would testify that defendant secretly installed the pipes . . . and that the owners were angry with the Borough." Am Compl. at 8. While Fisher may have died before the state court trial, he was available and provided testimony for Florimonte at a hearing for a preliminary injunction. This very minor issue does not undermine the Magistrate Judge's thorough analysis of Florimonte's arguments.

For the above reasons, we will affirm the District Court's judgment.[3]

Florimonte's motion to strike Appellee's brief is denied.

---

[3] In Florimonte's prior appeal, we declined the Borough's request that she be restricted from filing additional appeals. We noted that:

> Although Florimonte has filed several actions in state court on this matter, this is her first in federal court, and thus an injunction on her access to this Court seems premature. If Florimonte files additional duplicative or frivolous actions on this matter in the future, then we will reconsider whether to restrict her access to this Court or to impose other appropriate sanctions, including monetary penalties.

Florimonte, 603 F. App'x at 68. We strongly warn Florimonte that continued duplicative or vexatious litigation will lead to monetary sanctions and filing restrictions.