**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2677
_____

CAROLYN J. FLORIMONTE,
                                                Appellant

v.

BOROUGH OF DALTON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00409)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed June 29, 2026 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carolyn Florimonte appeals from the District Court's order dismissing her Complaint with prejudice. For the following reasons, we will affirm the District Court's judgment.

Florimonte filed a complaint alleging that, before she purchased her property on Third Street in Dalton, Pennsylvania in 2000, defendant Borough of Dalton ("the Borough") "hid two pipes" on the property "for the express purpose of transferring stormwater" from a residential development onto the property. ECF No. 4 at 2.[1] She maintained that the Borough is responsible for the "supersaturating flooding of her [p]roperty" for over 25 years. *Id.* at 3. She alleged violations of her civil, "private property," and constitutional rights, and sought compensation for injuries and an order directing the Borough to install catch basins on the property.[2] *Id.*

The District Court determined that this was Florimonte's sixteenth action against the Borough for allegedly flooding her property. *See* ECF No. 29 at 3 n.1, 10. It granted the Borough's motion to dismiss, agreeing that the claims were barred by the doctrines of

---

[1] Unless otherwise noted, all ECF references are to the District Court's docket in the underlying action here.

[2] Florimonte initiated this action by filing a motion for preliminary injunctive relief based on the same allegations. The District Court directed her to file a complaint, and later denied the motion. *See* ECF Nos 3 & 26. The District Court's subsequent dismissal of the complaint, which we will affirm, renders moot any appeal of the denial of preliminary injunctive relief. *See Hankins v. Temple Univ.*, 829 F.2d 437, 438 n.1 (3d Cir. 1987).

res judicata and collateral estoppel, and dismissed the complaint with prejudice. Florimonte appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal on res judicata and collateral estoppel grounds. *See Erie Indemnity Co. v. Stephenson*, 157 F.4th 265, 276-77 (3d Cir. 2025).

Under Pennsylvania preclusion principles, which apply here, *see Delaware River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002), where there has been a final, valid judgment on the merits, res judicata bars a later action "between the parties or their privies on the same cause of action." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citation omitted). "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (citation omitted). Applying these principles, we agree that Florimonte's claims are barred by res judicata.

In 2003, in the Lackawanna Court of Common Pleas, Florimonte filed her first action against the Borough related to the pipes and flooding. In that complaint, she alleged claims of trespass and negligence, as well as a Takings Clause violation, and sought damages and equitable relief. After a bench trial, the Lackawanna Court of Common Pleas ruled in favor of the Borough, concluding that Florimonte had not met her evidentiary burden on her claims. *See Florimonte v. Borough of Dalton*, No. 987 C.D.

2012, 2013 WL 3973727, at *3 (Pa. Commw. Ct. Apr. 4. 2013). On appeal, after

concluding that Florimonte had "procedurally waived her takings claims," *id.* at 3, the

Commonwealth Court affirmed the judgment on the negligence claim, but determined

that Florimonte had established a claim for continuing trespass by establishing that "the

Borough owns and maintains a water drainage system that is located, in part on her

property, that the system was placed without consent, and that the water drainage system

continually deposits a concentration of surface water onto her land." *Id.* at 8-9 (noting

that "a continuing trespass is created by continued presence on the land of a thing which

the actor has tortiously placed there, whether or not the actor has the ability to remove it"

(internal quotation marks and citation omitted)). The Court remanded for the trial court

to fashion an equitable remedy that would abate the trespass, having concluded that

Florimonte had abandoned her claim for money damages. *See id.* at 11.

On remand in that matter, the trial court directed the Borough to remove one of the

pipes, fill both pipes with concrete, and cap the pipes at their ends.[3] *See Florimonte v.*

---

[3] While that suit was pending, Florimonte filed a series of actions against the Borough based on the same allegations, which were dismissed by the state courts on the basis of lis pendens. *See Florimonte v. Council of Borough of Dalton*, No. 1786 C.D. 2012, 2013 WL 3156566, at *1 (Pa. Commw. Ct. June 7, 2013) (listing the cases and noting that lis pendens "applies when, in the previously filed case, the parties are the same, the rights are the same and the requested relief is the same" (citation omitted)). She then turned to the federal courts with the same or similar claims. *See, e.g., Florimonte v. Borough of Dalton*, 603 F. App'x 67, 68 (3d Cir. 2015) (non-precedential per curiam opinion) (affirming the dismissal of a complaint on res judicata grounds).

*Borough of Dalton*, M.D. Pa. Civ. No. 3:14-cv-00341, ECF No. 4-1 at 53. Florimonte has acknowledged that the Borough complied with this order in 2013.

The allegations at the heart of the complaint here are the same as those in Florimonte's 2003 state court action: that the Borough is responsible for "the continuing trespass by flooding which has caused irreparable harm and injury to" Florimonte and resulted in a taking of her property in violation of her Fifth and Fourteenth Amendment rights. *See* ECF No. 4 at 12. On appeal, Florimonte argues that the claims are not barred by res judicata because she seeks relief for "new harms," including an alleged injury she incurred in 2023 as a result of the "intentional" flooding. Appellant's Br. at 3, 9, 12.

While successive suits may be maintained for a continuing trespass where the actor fails to remove the "thing which he has tortiously erected or placed on the land," *Kowalski v. TOA PA V, L.P.,* 206 A.3d 1148, 1161 & n.7 (Pa. Super. Ct. 2019) (citing Restatement (Second) of Torts § 161, cmt. b), Florimonte does not allege such a claim. Rather, she admits that the Borough abated the trespass as directed in the 2003 action, and alleges instead that the continued flooding is caused by the Borough's failure to install catch basins on Third Street. *See* ECF No. 4 at 11-12. The demand for catch basins could have been made on remand in the 2003 suit, when the trial court entertained the parties' "viable solutions," consistent with the Commonwealth Court's opinion. *Florimonte*, M.D. Pa. Civ. No. 3:14-cv-00341, ECF No. 4-1 at 51; *cf. Heart Care Consultants, LLC v. Albataineh*, 239 A.3d 126, 133 (Pa. Super. Ct. 2020) (stating that

5

"[w]here the acts and alleged wrongs on which both actions are based are identical, identity of the cause of action exists and res judicata applies, even if the later action seeks different relief").

Because the claims are clearly barred by res judicata, the District Court did not err in dismissing the complaint with prejudice.[4] *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008) (recognizing that a dismissal on res judicata grounds is necessarily with prejudice because amendment would be futile); *see also Talley v. Wetzel*, 15 F.4th 275, 285 n.6 (3d Cir. 2021).

Finally, in the District Court, Florimonte claimed "the right to continue filing lawsuits unless and until [the Borough] installs catch basins on Third Street to end the flooding." ECF No. 22 at 6. Not so. We have previously warned Florimonte that we would consider restricting her access to this Court if she continued to file "additional duplicative or frivolous actions on this matter." *Florimonte*, 603 F. App'x at 68; *see also Florimonte v. Borough of Dalton*, 735 F. App'x at 54 ("strongly warn[ing]" her of the risk of sanctions). On appeal, the Borough suggests that we should consider restricting

---

[4] We need not entertain Florimonte's claim, which was not raised in the District Court, that the Borough has committed "fraud upon the court" by falsely claiming in prior actions that it did not install the pipes on the property. Appellant's Br. at 11-12; *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (recognizing that, "[a]s a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances"). In any event, we have previously rejected the same claim. *See Florimonte v. Borough of Dalton*, 735 F. App'x 53, 54 (3d Cir. 2018) (non-precedential per curiam opinion).

her access now.  We decline to impose a filing sanction now, however, because Florimonte has not filed any related matter with this Court since 2018, and because we accept that she believed she could pursue a continuing trespass claim for a more recent injury.  However, we again warn her that further frivolous, repetitive, or otherwise abusive filings could result in sanctions, including monetary penalties or restrictions on her ability to file documents with this Court.

Based on the foregoing, we will affirm the District Court's judgment.