2020 PA Super 212

| | | |
|---|---|---|
| HEART CARE CONSULTANTS, LLC, AND HAYTHAM ALBIZEM | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| MOHAMMAD ALBATAINEH, M.D. | : : | No. 395 EDA 2020 |

Appeal from the Judgment Entered January 13, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2017-010316

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                           Filed: September 1, 2020

Appellants, Heart Care Consultants, LLC (HCC) and Haytham Albizem, M.D. (collectively Plaintiffs), appeal from a judgment entered in favor of Mohammad Albataineh, M.D. (Defendant) following a nonjury trial in an action that Plaintiffs brought against Defendant for rescission of a settlement agreement.  For the reasons set forth below, we affirm.

This case is the fourth litigation in the Court of Common Pleas of Delaware County between Plaintiffs, a cardiologist and his cardiology practice, and Defendant, a cardiologist previously employed by Plaintiff HCC, arising out of the termination of that employment relationship and Defendant's competing cardiology practice.  Between 2009 and February 2014, HCC

_____

[*] Retired Senior Judge assigned to the Superior Court.

employed Defendant pursuant to a Physician Agreement that contained provisions restricting Defendant for two years from practicing cardiology within a two-mile radius of three hospitals and a two-mile radius of any office of HCC, restricting Defendant for two years from employing HCC employees, and restricting Defendant from using HCC patient information. Plaintiff's Ex. 1, Physician Agreement §§ 6.1, 6.2. Defendant ended his employment with HCC in early 2014 and, in May 2014, established a competing cardiology practice. Plaintiff's Ex. 3, CV-2014-007296 Trial Court Decision, Findings of Fact (F.F.) ¶¶16-18.

After Defendant left his employment with HCC, Plaintiffs filed an action against Defendant, CV-2014-002637, seeking injunctive relief to enforce the competition restrictions in the Physician Agreement and Defendant filed an action against Plaintiffs, CV-2014-003363, seeking payment of compensation that he contended that HCC owed him. Trial Court Opinion at 1. On July 15, 2014, the parties executed a settlement agreement resolving both of those actions (the Settlement Agreement). *Id.*

The Settlement Agreement modified the Physician Agreement's competition restriction, reducing the locations where Defendant was restricted from practicing cardiology to the area within a two-mile radius of two hospitals and extending the time period of the restriction, and provided that the Physician Agreement's restrictions on employment of HCC employees and using HCC patient information remained in effect. Plaintiff's Ex. 2, Settlement

Agreement § 2(a)-(c). The Settlement Agreement provided for liquidated damages of $500,000 if Defendant breached the competition restrictions. *Id.* § 2(e). The Settlement Agreement also required Plaintiffs to pay Defendant $100,000 over an eight-month period and provided for liquidated damages of $300,000 and the voiding of the competition restrictions if Plaintiffs failed to make two consecutive payments. *Id.* §§ 1, 2(f). Plaintiffs and Defendant agreed in the Settlement Agreement to release all claims that they had against the other party or parties for any violations of the Physician Agreement prior to the date of the Settlement Agreement and dismissed the CV-2014-002637 and CV-2014-003363 actions with prejudice. *Id.* §§ 3-5.

In August 2014, Plaintiffs brought the third action, CV-2014-007296, a breach of contract action against Defendant, in which Plaintiffs alleged that Defendant had breached the Settlement Agreement by employing an HCC employee and using patient information and demanded liquidated damages of $500,000 under the Settlement Agreement. Complaint ¶23; Answer and Amended New Matter ¶23; Plaintiff's Ex. 3, CV-2014-007296 Trial Court Decision, F.F. ¶29. On June 12, 2017, following a nonjury trial, the judge to whom this third action was assigned issued a decision holding that the Settlement Agreement was valid and enforceable and finding that Defendant had breached the Settlement Agreement by employing one HCC employee as a medical assistant and receptionist from July 14, 2014 to August 22, 2014 and using patient information to solicit a small number of patients for his

practice. Plaintiff's Ex. 3, CV-2014-007296 Trial Court Decision, F.F. ¶¶30-39, Conclusions of Law (C.L.) ¶¶6-7, 18-19, 23-25, Decision ¶¶5-6. The judge held, however, that liquidated damages could be awarded under the Settlement Agreement only if the breach was material and that Defendant's breaches of the Settlement Agreement were *de minimis* and not material, and rejected Plaintiffs' claim for damages. *Id.*, C.L. ¶¶8-11, 26, Decision ¶¶1-2. Both parties filed appeals from this decision. Neither party, however, had filed post-trial motions; consequently, Plaintiffs withdrew their appeal on July 28, 2017, and this Court dismissed Defendant's cross-appeal on September 29, 2017.

On December 11, 2017, Plaintiffs commenced the instant action against Defendant. In this fourth action between the parties, Plaintiffs alleged that the judge in the third action erred in holding that the Settlement Agreement permitted liquidated damages only for material breaches, erred in finding that Defendant's breaches of the Settlement Agreement were *de minimis*, and erred in denying Plaintiffs' claim for liquidated damages. Complaint ¶¶24-42, 47. Plaintiffs asserted that Defendant's 2014 breaches of the Settlement Agreement found by the judge in the third action were material and that these breaches of the Settlement Agreement entitled Plaintiffs to rescission of the Settlement Agreement and restitution of the $100,000 that they paid Defendant under the Settlement Agreement. Complaint ¶¶36-37, 39-46. Defendant filed a preliminary objection asserting that this action was barred

by *res judicata*. On April 10, 2018, the court overruled Defendant's preliminary objection. Defendant unsuccessfully sought amendment of this order to permit interlocutory appeal and filed a petition for review in this Court seeking interlocutory appeal, which this Court denied on July 13, 2018.

On May 29, 2019, a nonjury trial of this action was held before a different judge than the judge who ruled on the third action and Defendant's preliminary objection in this action. Two witnesses testified at trial, Plaintiff Albizem and Defendant. The only breaches of the Settlement Agreement that Plaintiff Albizem claimed that Defendant committed were the 2014 employment of the HCC employee and solicitation of HCC patients that were the subject of the third action. N.T. at 24, 32-38. Defendant testified that his cardiology practice is outside the two-mile radius set forth in the Settlement Agreement and Plaintiff Albizem admitted that it is outside the two-mile radius. *Id.* at 41, 59-60. Defendant also testified that his action against Plaintiffs that was resolved by the Settlement Agreement sought $142,000 to $150,000 in unpaid compensation. *Id.* at 54-56.

On August 20, 2019, the trial court issued a decision in which it ruled that Plaintiffs' action was barred by *res judicata* and the doctrine of election of remedies. Plaintiffs filed a timely motion for post-trial relief, which the trial court denied and judgment was entered in favor of Defendant on January 13, 2020. Plaintiffs timely appealed from this judgment.

Plaintiffs raise the following three issues in this appeal:

1. Whether the trial court abused its discretion and/or committed an error of law by applying the doctrine of election of remedies to deny Appellants' rescission claim and refuse entry of judgment in Appellants' favor and/or grant a new trial?

2. Whether the trial court abused its discretion and/or committed an error of law by applying res judicata to deny Appellants' rescission claim and refuse entry of judgment in Appellants' favor and/or grant a new trial?

3. Whether the trial court abused its discretion and/or committed an error of law by failing to abide by the law of the case doctrine regarding the decision to apply res judicata?

Appellants' Brief at 4. For ease of disposition, we address Plaintiffs' issues in the opposite order, beginning with Plaintiffs' claim that the trial court's ruling violated the law of the case doctrine.

Plaintiffs argue that under the law of the case doctrine, the earlier overruling of Defendant's preliminary objection and this Court's ruling in Defendant's attempted interlocutory appeal required the trial court to hold that Plaintiffs' action was not barred *res judicata*. Both of these arguments are meritless.

The law of the case doctrine prohibits a lower court from reopening questions decided by a higher court in an earlier appeal in the same case. *Mohney v. American General Life Insurance Co.*, 116 A.3d 1123, 1132 (Pa. Super. 2015). This prohibition applies only where the appellate decision ruled on the issue, and an appellate court decision that merely refuses to allow an interlocutory appeal does not bar the lower court from ruling on the issue. *In re S.J.*, 99 A.3d 560, 564 (Pa. Super. 2014). The only ruling by this Court

in this case was a denial of interlocutory appeal, not a ruling on whether Plaintiffs' action was barred by *res judicata*. This Court's decision in the prior appeal therefore could not bar the trial court from ruling on the *res judicata* issue. *Id.*

The law is also clear that the law of the case doctrine does not bar a trial court judge from ruling in the defendant's favor at or after trial on a legal issue as to which preliminary objections were previously overruled. Under the coordinate jurisdiction rule, another aspect of the law of the case doctrine, a trial court judge may generally not alter the resolution of a legal question previously decided by another judge of the court. *Riccio v. American Republic Insurance Co.*, 705 A.2d 422, 425 (Pa. 1997); *Parker v. Freilich*, 803 A.2d 738, 745 (Pa. Super. 2002). This rule, however, applies only where the second judge rules on the same type of motion as the first judge; the coordinate jurisdiction rule does not bar a judge at a later and different procedural stage of the proceedings from overruling another judge's decision on preliminary objections, even on an identical legal issue and even where the record is unchanged. *Riccio*, 705 A.2d at 425-26; *K.H. ex rel. H.S. v. Kumar*, 122 A.3d 1080, 1091-92 (Pa. Super. 2015); *Parker*, 803 A.2d at 745-46; *Mellon Bank, N.A. v. National Union Insurance Co. of Pittsburgh*, 768 A.2d 865, 870-71 (Pa. Super. 2001). Because the ruling here was made in a decision adjudicating Plaintiffs' action following trial, a different procedural posture from the preliminary objections, the coordinate

jurisdiction rule did not limit the trial court's authority to hold that Plaintiffs' action was barred by *res judicata*.

Moving to the merits, under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction bars a later suit on the same cause of action between the same parties. ***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa. Super. 2016); ***Rearick v. Elderton State Bank***, 97 A.3d 374, 380 (Pa. Super. 2014); ***Dempsey v. Cessna Aircraft Co.***, 653 A.2d 679, 680-81 (Pa. Super. 1995) (*en banc*). For *res judicata* to apply, the two actions must have (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the capacity of the parties. ***Rearick***, 97 A.3d at 380; ***Kelly v. Kelly***, 887 A.2d 788, 792 (Pa. Super. 2005); ***Dempsey***, 653 A.2d at 681. *Res judicata* is not limited to the specific issues raised and decided in the prior proceeding and also bars matters that could have been raised and decided in the prior proceeding. ***Wilmington Trust, N. A. v. Unknown Heirs***, 219 A.3d 1173, 1179 (Pa. Super. 2019); ***Rearick***, 97 A.3d at 380; ***BuyFigure.com, Inc. v. Autotrader.com, Inc.***, 76 A.3d 554, 561 (Pa. Super. 2013). Whether an action is barred by *res judicata* is an issue of law subject to this Court's plenary, *de novo* review. ***Wilmington Trust, N. A.***, 219 A.3d at 1179.

There is no dispute that the third action was between the same parties as this action, acting in the same capacity, and that there was a final adjudication of the third action on the merits by a court of competent

jurisdiction. It is also clear that the thing sued upon in both actions is the same; both actions were disputes with respect the Settlement Agreement. Plaintiffs contend that that there is no identity of the cause of action and that *res judicata* therefore does not apply because their claim here, rescission, was a different cause of action from the breach of contract damages claim in the third action and because this action sought different relief, rescission of the Settlement Agreement and restitution of the $100,000 paid, as opposed to the liquidated damages for breaches of the Settlement Agreement sought in the third action. We do not agree.

The element of identity of the cause of action under the doctrine of *res judicata* does not require that the form and theory of liability be the same in the two actions. **Kelly**, 887 A.2d at 792; **Dempsey**, 653 A.2d at 681-82. "The form in which two actions are commenced does not determine whether the causes of action are identical." **Dempsey**, 653 A.2d at 682. Rather, the critical issue is whether the plaintiff is suing to recover for the same acts and alleged wrong that were the subject of the prior action. **BuyFigure.com, Inc.**, 76 A.3d at 556-57, 561-62 (*res judicata* barred second action even though prior action asserted contract and tort claims for damages and second action sought declaratory judgment, injunctive relief, and an accounting); **Kelly**, 887 A.2d at 792 (cause of action was the same and *res judicata* barred second action even though prior proceeding was petition to enforce settlement and second action was a complaint asserting an unjust enrichment claim);

*Dempsey*, 653 A.2d at 681-83 (cause of action was the same and *res judicata* barred second proceeding even though prior action was claim for damages for fraud in inducing a settlement and second proceeding was a petition to set aside the settlement).

Here, the basis of this action and the ground on which Plaintiffs asserted that they were entitled to relief consisted of the same 2014 breaches of the Settlement Agreement that were the subject of the third action. Complaint ¶¶24, 33-43; N.T. at 24, 32-38. Indeed, Plaintiffs' claim in this action is based on the contention that the finding in the third action that the breaches were not material was erroneous and can be disregarded, as they assert that their claim for rescission is based on the right to rescind a contract where the other party has materially breached the contract. Complaint ¶¶26, 33-43. Such re-litigation of issues resolved in a prior proceeding is precisely what *res judicata* is designed to prevent. **Wilmington Trust, N. A.**, 219 A.3d at 1179.

Nor does the fact that Plaintiffs sought different relief in this action negate the identity of the cause of action. Where the acts and alleged wrongs on which both actions are based are identical, identity of the cause of action exists and *res judicata* applies, even if the later action seeks different relief. **BuyFigure.com, Inc.**, 76 A.3d at 556-57, 561-62; **Dempsey**, 653 A.2d at 682; **Swift v. Radnor Township**, 983 A.2d 227, 232 (Pa. Cmwlth. 2009). A party

> cannot avoid the consequences of a prior judicial determination merely by altering the character of the relief sought. Where the

damages suffered are a consequence of the same actions alleged in an earlier suit, a new cause of action is not present merely because the relief sought has changed.

*Dempsey*, 653 A.2d at 682 (citations omitted). The cases on which Plaintiffs rely are not to the contrary. Rather, in each of those cases, the second action was not barred by *res judicata* because it was predicated on different facts that were not at issue in the first action.[1]

Plaintiffs also argue that *res judicata* does not apply because the election of remedies doctrine allegedly prevented them from seeking rescission in the third action. This argument likewise fails. Contrary to Plaintiffs' assertion, the election of remedies doctrine does not prohibit a party from pleading and litigating inconsistent claims for breach of contract damages and rescission in the same action. *Gamesa Energy USA, LLC v. Ten Penn Center Associates, L.P.*, 217 A.3d 1227, 1239 (Pa. 2019); *see also Schwartz v. Rockey*, 932 A.2d 885, 888, 893-96 (Pa. 2007) (allowing recovery of breach

---

[1] *Rearick*, 97 A.3d at 384-86 (claims in second action that were not barred by *res judicata* were based on facts concerning the lending relationship between the parties and the project that it funded that were not at issue in the prior mortgage foreclosure action); *Kean v. Forman*, 752 A.2d 906, 909 (Pa. Super. 2000) (mortgage that was subject of second action was not at issue in prior action concerning dissolution of partnership and disposition of its property); *Hopewell Estates, Inc. v. Kent*, 646 A.2d 1192, 1193-95 (Pa. Super. 1994) (second action was a professional negligence claim that could not be raised and was not litigated in prior confession of judgment proceeding); *In re Jones & Laughlin Steel Corp.*, 477 A.2d 527, 532-33 (Pa. Super. 1984) (fair value of stock that was subject of second action was neither the basis of nor an issue in the first action, which was based on misrepresentations and securities law violations).

of contract damages even though plaintiffs had also asserted a rescission claim). Plaintiffs therefore were not barred from seeking rescission as an alternative remedy for Defendant's breaches of contract in the third action.

Because the facts and alleged wrongs on which both the third action and this action were based were the same, identity of the cause of action was present and all of the elements of *res judicata* were satisfied. Accordingly, the trial court's conclusion that Plaintiffs' action was barred by *res judicata* is correct and must be affirmed.

Moreover, as the trial court correctly concluded, this action is also barred by the doctrine of election of remedies. Under the doctrine of election of remedies, once a party has made a binding election of damages as its remedy for a breach of contract, it is barred from subsequently maintaining an action for the inconsistent remedy of rescission. ***Gamesa Energy USA, LLC***, 217 A.3d at 1238-39; ***Wedgewood Diner, Inc. v. Good***, 534 A.2d 537, 538 (Pa. Super. 1987). While the pleading and attempting to prove the inconsistent remedies of damages for breach and rescission in the same action does not contravene this doctrine, a binding election does occur and bars later assertion of the inconsistent remedy when the litigation reaches a legal resolution, such as a settlement or judgment. ***Gamesa Energy USA, LLC***, 217 A.3d at 1239; ***Wedgewood Diner, Inc.***, 534 A.2d at 539-40; ***see also McCausland v. Wagner***, 78 A.3d 1093, 1101-05 (Pa. Super. 2013). In addition, a binding election of remedies that bars a claim for rescission can occur when a party,

with knowledge of the breach, chooses to continue to receive the benefit of the contract, rather than seeking rescission. **Gamesa Energy USA, LLC**, 217 A.3d at 1240-41. Whether an action is barred by election of remedies is an issue of law subject to this Court's plenary, *de novo* review. **Id.** at 1234.

Here, both of these elections against rescission occurred. Plaintiffs litigated their breach of contract damages claim to judgment and obtained a judgment upholding the enforceability of the Settlement Agreement and its extension of the competition restrictions from two to five years. Plaintiff's Ex. 3, CV-2014-007296 Trial Court Decision, C.L. ¶¶6, 19, 22, 34, 45-46, Decision ¶¶5-6. Contrary to Plaintiffs' contention, the fact that Plaintiffs did not recover damages in that judgment does not prevent their election from barring this rescission action. **Umbelina v. Adams**, 34 A.3d 151, 155, 157, 162 (Pa. Super. 2011) (election of remedies by dismissal of claim for breach of contract damages with prejudice barred damages award even though plaintiffs' rescission claim was unsuccessful).[2] Moreover, Plaintiffs, by not seeking rescission, also continued to receive the benefit of the Settlement Agreement, including both the release of Defendant's claim for unpaid compensation while the statute of limitations on that claim expired and the extension of the

---

[2] In **Smith v. Brink**, 561 A.2d 1253 (Pa. Super. 1989), on which Plaintiffs rely, this Court opined that an attempt to enforce a settlement agreement does not bar suit on the underlying claim where it has been found that there was no enforceable settlement. That situation is not present here, as Plaintiffs obtained a judgment that the Settlement Agreement was enforceable.

competition restrictions. Plaintiffs therefore made a binding election and were properly held barred from seeking the inconsistent remedy of rescission.

For the foregoing reasons, we conclude that the trial court did not err in holding that this action was barred by both *res judicata* and the doctrine of election of remedies. Accordingly, we affirm its judgment in favor of Defendant.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/20