J-A28017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| ANTHONY MCKENZIE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA MCKENZIE | : | No. 236 WDA 2020 |

Appeal from the Judgment Entered January 17, 2020
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  132 Divorce 1997

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    FILED DECEMBER 11, 2020

Anthony McKenzie (Appellant) appeals from the judgment entered against him and in favor of his ex-wife, Linda McKenzie (Wife), in this equitable distribution dispute.  We affirm.

The trial court recounted the lengthy background[1] as follows:

The parties were married on April 24, 1987 and finally separated on December 6, 1996[.  Appellant filed for divorce in 1997.]  . . . [Appellant] had been employed by the Somerset Borough Police Department from November, 1969 to February, 1994, when he had a heart attack and began receiving workmen's compensation and heart/lung benefit payments.  Therefore, [his] employment with the Borough from the beginning of employment to [the end] of employment was 24 years and 3 months.  The testimony reflects that in order to be immediately eligible to collect his defined benefit retirement, [Appellant] had to have worked for the Borough for 25 years and/or be 55 years of age.  At the time of

_____

[1] This case "may very well have set the record for the longest 'actively' litigated and unresolved divorce proceeding in this county."  Memorandum Opinion and Order, 1/17/20, at 1.

his heart attack, he was short of the 25 years by 9 months, and was 9 years short of reaching age 55. Consequently, [Appellant] would have had to wait in order to receive any retirement benefits until he reached the required age. [Appellant] asserts that there would have been no ability to receive anything for the 24-plus years of service; however, that matter was disputed. . . . The special master made a determination that the waiver of the defined benefit plan allowed [Appellant's] employer to essentially convert the monies that had been in the defined benefit plan to the police disability pension fund, and therefore, there was a retirement component in the disability policy. That retirement component was calculated based upon the 24-plus years of service, nearly 10 years of which was during the course of the[ parties'] marriage. . . . The negotiated arrangement with the Borough provided that regardless of the change in status for [Appellant's] disability, the payments would be made for his entire life. The special master determined that the marital portion of [Appellant's] monthly benefits should be based upon a marital retirement component of 28.52%.

\* \* \*

The initial report, findings of fact and recommendations of special master was issued on March 31, 2004, and confirmed by Senior Judge William L. Henry on August 31, 2004. That confirmation was subsequently appealed [by Wife] to the Pennsylvania Superior Court[. In] an opinion issued on August 28, 2006, [the Court] affirmed in part, reversed in part and remanded[, for the limited purpose of] a determination of what portion, if any, of [Appellant's] disability payment represented his retirement benefit. [See McKenzie v. McKenzie, 898 A.2d 1141 (Pa. Super. 2006) (unpublished memorandum at 4-8) (referred to as "McKenzie I") (reversing the trial court's determination that no portion of Appellant's disability payment was marital property).]

The record is unclear as to the reason for the significant delay following the remand in 2006 to 2014. On May 20, 2014, Judge D. Gregory Geary [(Judge Geary)] granted a motion to reappoint the special master for the limited purposes of making additional findings of fact and recommendations consistent with the opinion of the Superior Court. The special master, following a hearing, issued her supplemental findings of fact, report and recommendations on October 19, 2016. That supplemental report

essentially recommended to the court that [Appellant's] retirement disability plan be determined to be partially a marital asset, subject to the marital portion [being] equally distributed between the parties. Exceptions were filed by [Appellant] principally challenging the special master's "jurisdiction" and the special master's findings that [Appellant] converted his retirement account to a disability policy by negotiation with [Appellant's] employer. Judge Geary, by order dated April 13, 2017, found that the special master's findings are supported by the evidence and have a sound basis in law. Consequently, it was ordered that [Appellant's] exceptions were dismissed and the matter was remanded to the special master for valuation of [Appellant's] marital pension.

Another long delay occurred and a special master's hearing was held on [] June 13, 2018. While the special master was considering the valuation of the pension as directed, the parties divorced on April 24, 2019. The divorce decree makes no reference to the reservation of the remaining matters outstanding before the special master, and only references that a quit claim deed shall be executed conveying any and all right, title and interest in and to certain property located at 1021 Main Street, Berlin, Somerset County, Pennsylvania 15530 to [Wife]. . . .

The second supplemental findings of fact, report and recommendations of the special master was filed on September 30, 2019 [(second report),] concluding, based upon testimony of two actuarial experts, that [Appellant's] retirement pension benefit, for [his] years of service, would be $1,318.88 a month, with 28.52% considered marital [property, to be] divided equally. After having determined the marital portion, the special master calculated arrearages based upon a monthly payment of $188.07, with simple interest for 275 months since separation, and recommended a judgment [for Wife be entered] in the amount of $53,781.75. As to the method of collecting that arrearage and the future monthly obligation, the special master recommended that [Appellant] purchase an annuity or life insurance policy benefiting Wife to ensure payment to her of the arrearages he owes, in the event he would die before the arrearages were fully liquidated. The interest was calculated only on the outstanding arrearages, and the future monthly amount effective November 1, 2019 was determined to be $188.07. It was recommended by the special master that [Appellant] pay Wife said sum each month for the duration of his lifetime, plus $500.00 per month towards the

liquidation of the arrearages. It was further recommended by the special master that since the award would not qualify as a Qualified Domestic Relations Order (QDRO), that it be collected and paid to Wife through the Domestic Relations Department [(DRD)] as if it were support, and paid by the issuance of a wage attachment.

[In October 2019, Appellant] filed objections and exceptions to the second [report]. . . . [The trial] court heard argument on those objections and exceptions, as well as a supplemental motion to deny jurisdiction to the special master, on January 9, 2020.

Memorandum Opinion and Order, 1/17/20, at 1-5 (emphasis and some punctuation added; paragraphs re-ordered).

On January 17, 2020, the trial court denied in part, and granted in part, Appellant's exceptions to the second report. The court stated:

The court accepts the recommendations of the special master as to the valuation and future payment obligations of [Appellant] for the marital portion of his pension. We however reject the special master's recommendation for monthly payment obligations on the arrearages and the requirement that [Appellant] either purchase an annuity or life insurance policy or have the arrearages and equitable distribution matters collected through the Somerset County [DRD]. Otherwise, we find that the special master's second supplemental determination is appropriate and is adopted as an order of court. Judgment is entered against [Appellant] in the amount of $53,781.75 as of November 1, 2019, and [Appellant] shall pay to Wife the sum of $188.07 each month for the duration of his lifetime for her marital share of future retirement benefits. Collection of the arrearages by Wife may occur in normal enforcement proceedings as any other judgment may be collected.

Id. at 9.[2]

_____

[2] The only part of this order Appellant challenges in this appeal is the characterization of the disability/pension benefit as marital property.

- 4 -

Appellant timely filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed an opinion relying upon its prior reasoning in the January 17, 2020 opinion and order.

Appellant presents four issues for our review:

A. Did the trial court and master err as a matter of law and fact, abuse its discretion and was [it] arbitrary and capricious by holding [] Appellant's disability pension as subject to equitable distribution when there was overwhelming evidence by [] Appellant to the prove [sic] this to the contrary[?]

B. Did the trial court and master err as a matter of law and fact, abuse its discretion and was [it] arbitrary and capricious by holding that [] Appellant's police disability pension was subject to equitable distribution[?]

C. Did the trial court and master err as a matter of law and fact and abuse[] its discretion when determining equitable distribution of Appellant's disability pension, as equitable distribution as [sic] Appellant's produced overwhelming evidence and witnesses which were never rebutted and or any evidence presented [sic] to contradict [] Appellant's argument[?]

D. Did the trial court and master err as a matter of law and fact, abuse its discretion and was [it] arbitrary and capricious, as the master and supported by court order [sic] indicated in her report that neither expert of [] Appellant or [Wife] supplied the necessary evidence in the calculation of the pension Master then made her own calculations, which was arbitrary, capricious and a potential violation of due process[?] Did the Honorable Judge Rullo did cite [sic] the case of Hutchinson v. Lud[d]y, 611 A.2d 1286 (Pa. Super. 1992), and failed to and ignored [sic] 5[3] P.S. § 762, 778 (Act 600), and the Borough of Mahanoy City v. Mahanoy City Police Dep't, 948 A.2d 239 [(Pa. Cmwlth. 2008), and the c]ollective bargaining of pension [provision at] 43 P.S. § 217.1[?]

Appellant's Brief at 2-3 (some capitalization omitted, citations corrected, citation to reproduced record omitted).

We first note that Appellant's brief fails to comply with the Pennsylvania Rules of Appellate Procedure. Appellant's above 4 issues do not align with the issues in his concise statement, and we could find them to be waived. It is "axiomatic that issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). This is because, as our Court has oft reminded, issue preservation is foundational to proper appellate review." Trigg v. Children's Hosp. of Pittsburgh, 229 A.3d 260, 269 (Pa. 2020) (citations and quotation marks omitted). Further, it is well settled that any issues not raised in a 1925(b) statement will be deemed waived. U.S. Bank, N.A. v. Hua, 193 A.3d 994, 996-97 (Pa. Super. 2018); Jacobs v. Chatwani, 922 A.2d 950, 964 (Pa. Super. 2007). Nonetheless, we decline to find waiver, with a caution to Appellant's counsel.

Additionally, though Appellant presents 4 issues in his statement of questions presented, he addresses these issues together in a single argument, without any subheadings or distinction. See Appellant's Brief at 6-10. The Rules of Appellate Procedure dictate:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-- in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Despite noncompliance, we again decline to find waiver, as we are able to ascertain the nature of Appellant's related issues.[3]

At their essence, Appellant's 4 issues challenge the trial court's equitable distribution (ED) scheme, see Appellant's Brief at 6-10, to which we apply the following standard of review:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.
>
> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility, and this Court will not reverse those determinations so long as they are supported by the

_____

[3] However, we caution:

> briefing requirements . . . are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

Commonwealth v. Perez, 93 A.3d 829, 837-38 (Pa. 2014) (citation omitted).

evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

Brubaker v. Brubaker, 201 A.3d 180, 184-85 (Pa. Super. 2018) (citation omitted).

According to Appellant, the special master and trial court erred in determining that there was a marital property component to Appellant's pension/disability benefit. See Appellant's Brief at 5-10.[4] Appellant asserts the "court and the master have disregarded the law indicating that workmen's comp awards are disability, and they contained that [sic] the finding of that court was that disability payments did not constitute as marital property[.]" Id. at 5 (capitalization omitted). Appellant contends that the special master "ignored the law and made no findings of fact of how she determined that the pension or a portion thereof was marital property." Id. at 8; see also Appellant's Reply Brief at 1 (unnumbered) (generally asserting, "the Masters [sic] decision is incomplete with substantial errors...."). Appellant further argues that the court and special master failed to consider the statutory

_____

[4] Appellant principally relies upon this Court's decision in Ciliberti v. Ciliberti, 542 A.2d 580, 582 (Pa. Super. 1988), which states that "[p]ost-divorce payments intended to compensate for an inability to work are not marital property"; Ciliberti also states that where "it can be shown, however, that a portion of the employee spouse's disability pension is representative of retirement benefits, the amount received by the disabled employee in lieu of retirement benefits remains marital property subject to distribution."

factors applicable to ED determinations set forth at 23 Pa.C.S.A. § 3502(a). See Appellant's Brief at 6-7. Appellant asks us to strike the judgment and remand for another equitable distribution hearing. Id. at 10-11.

Given the procedural history of this case, we must address the threshold question of jurisdiction. See Pa. Manufacturers' Assoc. Ins. Co. v. Johnson Matthey, Inc., 188 A.3d 396, 398 (Pa. 2018) (per curiam) ("Whether this Court has jurisdiction to entertain this appeal presents a threshold issue. Such an issue raises a question of law; accordingly, our standard of review is de novo, and our scope of review is plenary." (citations omitted)).

Under the coordinate jurisdiction rule, an aspect of the law of the case doctrine, "a trial court judge may generally not alter the resolution of a legal question previously decided by another judge of the court." Heart Care Consultants, LLC v. Albataineh, 2020 PA Super 212, at *9 (Pa. Super. 2020); see also In re De Facto Condemnation & Taking of Lands of WFB Assocs., L.P., 903 A.2d 1192, 1207 (Pa. 2006) (citation omitted) (noting that "[a]mong the related but distinct rules which make up the law of the case doctrine [is] that . . . upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court. . . ."). Our Supreme Court has cautioned, "absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based on the same set of facts." Yudacufski v. Commonwealth,

454 A.2d 923, 926 (Pa. 1982). The purpose of this rule is to protect the expectations of the litigants, ensure uniformity of decisions, promote judicial economy, and bring finality to trial court proceedings. Zane v. Friends Hosp., 836 A.2d 25, 29 (Pa. 2003). Departure from the rule is only allowed in "exceptional circumstances, such as an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." Ryan v. Berman, 813 A.2d 792, 795 (Pa. 2002) (emphasis added; citation omitted); but see also Albataineh, supra at **8-9 (stating the rule does not bar a judge at a later and different procedural stage of the proceedings from overruling another judge's decision). Finally, when determining whether the coordinate jurisdiction rule applies, we are not guided by whether an opinion was issued in support of the initial ruling. Riccio v. Am. Republic Ins. Co., 705 A.2d 422, 425 (Pa. 1997).

This Court in McKenzie I previously held that there was a marital component to Appellant's pension/disability plan. See McKenzie I, 898 A.2d 1141 (unpublished memorandum at 4-6). The trial court in the underlying matter determined that the coordinate jurisdiction rule barred Appellant from re-litigating his challenge to the property status in this appeal, stating:

> [Appellant] seeks to re-litigate the question as to whether a portion of the pension is considered to be deemed marital property. This request had previously been determined by Judge Geary[, as well as the McKenzie I Court,] and the only matter

- 10 -

that is presently before this court is on the exceptions to the calculations of the award and the recommended enforcement. We decline to make any further findings since the disposition of material fact has already been considered by this court in determining a marital portion of the pension exists.

In light of all previous rulings submitted in this case, the issues before the special master in the second report is "not materially different" from the evidence which was previously reviewed by Judge Geary, nor do the objections and exceptions present the type of "compelling circumstances" necessary to overrule a prior decision entered by this court on the same matter.

Memorandum Opinion and Order, 1/17/20, at 7-8 (footnote omitted).

The record supports the trial court's statement, and we agree that Appellant seeks to re-litigate a prior legal ruling, which is not permitted. See Albataineh, supra. Accordingly, the trial court correctly determined it lacked jurisdiction to address Appellant's claim.

However, even if jurisdiction existed, we would find no merit to Appellant's claim given the additional reasoning advanced by the trial court:

Were we to opine as to the propriety of the previous determination, we would conclude that Judge Geary appropriately determined that the special master had the authority to make the determination that a marital component exists as to [Appellant's] pension. [Appellant] has relied upon Ciliberti[, supra] for the proposition that a disability pension is not subject to equitable distribution. We conclude as Judge Geary did, that the Ciliberti case does not stand for that proposition. In fact, Ciliberti's holding states "where it can be shown . . . that a portion of the employee spouse's disability pension is representative of retirement benefits, the amount received by the disabled employee in lieu of retirement benefits remains marital property subject to distribution." Id. at 582[; see also McKenzie I, 898 A.2d 1141 (unpublished memorandum at 4-5) (distinguishing Ciliberti).] There is ample evidence in the record to reflect that the negotiated pension agreement of providing disability benefits for [Appellant's] life took into consideration the 24 years of

- 11 -

previous service, 10 years of which[] would have been while the parties were married.

Memorandum Opinion and Order, 1/17/20, at 7 n.1 (citations modified, some capitalization omitted).[5]

Consistent with the foregoing, we find no merit to Appellant's argument.

Judgment affirmed.

Judge McCaffery joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020

_____

[5] Finally, Appellant waived his claim that the master and trial court failed to adequately consider the section 3502(a) equitable distribution factors, as Appellant did not raise this claim before the trial court or in his Rule 1925(b) statement.  See Pa.R.A.P. 302(a), supra; Hua, supra.