**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2823
_____

HENRY T. BREAM, III,
Appellant

v.

THE PENNSYLVANIA STATE UNIVERSITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-21-cv-00374)
District Judge: Hon. Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2022
_____

Before: GREENAWAY, JR., MATEY, and RENDELL, *Circuit Judges.*

(Filed: July 19, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

MATEY, *Circuit Judge*.

Henry Bream sued his former employer, the Pennsylvania State University ("PSU"), in state court. After his complaint was dismissed, Bream filed a second one in federal court. But the new complaint is the same as the old, and the District Court properly dismissed the action as precluded. We will now affirm.

**I.**

Bream joined PSU in 2012 as Head Athletic Trainer for football and Director of Athletic Training Services, signing a five-year agreement. The agreement was extended to June 2017. As the end of the contract term approached, Bream's supervisor, Charmelle Green, documented several job deficiencies. Among them, failing to safeguard prescription medication, unauthorized equipment purchases, and questionable professional behavior, including living in a fraternity house with students. Even so, Bream contends that Green informed him that his contract would be renewed.

But the renewal never arrived, and Bream kept working for several months after his contract expired. In early 2018, PSU removed Bream from his position as Assistant Athletic Director, and Bream resigned. Bream then filed a complaint against PSU in the Court of Common Pleas of Centre County, alleging constructive discharge, civil conspiracy, and intentional infliction of emotional distress. In 2020, the state court dismissed Bream's complaint as legally insufficient, providing an opportunity to amend.

Bream declined and instead filed a second action in federal court alleging contract claims. On PSU's motion to dismiss, the District Court found Bream's claims precluded. Bream now appeals.[1]

## II.

Claim preclusion "refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). In Pennsylvania,[2] four common elements, or the "four identities," are required: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *In re: Coatesville Area Sch. Dist.*, 244 A.3d 373, 379 (Pa. 2021) (citing *In re Iulo*, 766 A.2d 335, 337 (Pa. 2001)). Bream argues that because he asserted different causes of action in his first suit, there is no "identity" of the theories in his second.

Not so, because claim preclusion "is not limited to the specific [claims] raised and decided in [a] prior proceeding." *Heart Care Consultants, LLC v. Albataineh*, 239 A.3d 126, 132 (Pa. Super. Ct. 2020). Instead, it "also bars matters that could have been raised and decided in the prior proceeding," *id.*, and a party cannot evade a prior judgment

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision de novo. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009).

[2] We look to state law because "we must give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006); *see also* 28 U.S.C. § 1738.

"merely by altering the character of the relief sought," *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 682 (Pa. Super. Ct. 1995) (en banc).

Here, "the essence of the" controversy is Bream's removal from the Assistant Athletic Director position. *Gregory v. Chehi*, 843 F.2d 111, 118 (3d Cir. 1988). (*See* App. at 14 (alleging that Bream was "reliev[ed] . . . without good cause").) Just as it was in his first lawsuit. (*See* App. at 163 (alleging that Bream "was constructively discharged from his employment").) Though Bream attempts to "alter[] the character of the relief sought" by recharacterizing his claims now, *Dempsey*, 653 A.2d at 682, these new claims "could have been raised and decided" in the original lawsuit, *Heart Care*, 239 A.3d at 132.

Nor does it matter that the federal complaint introduces new allegations. For example, the federal complaint alleges that Green "represented . . . that [the] renewal contract was ready for execution." (App. at 11.) But "[m]ultiple claims do not arise" when the second complaint provides a "different shading[] of the facts" or "emphasize[s] different elements of the facts." *Gregory*, 843 F.2d at 117 (quoting Restatement (Second) of Judgments § 24(1) (Am. L. Inst. 1982)). Bream's request for different compensation also makes no difference. (*Compare* App. at 181 (requesting compensatory and punitive damages), *with* App. at 16 (requesting only compensatory damages).) *See Dempsey*, 653 A.2d at 682 ("[I]t is not necessary that the two actions be identical with respect to the relief sought." (quoting 46 Am. Jur. 2d Judgments § 412)). Indeed, Pennsylvania courts instruct that claim preclusion "be liberally construed and applied without technical restriction." *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993). Because Bream

4

"essentially made the same allegations" in his first complaint, *Robinson v. Fye*, 192 A.3d 1225, 1233 (Pa. Commw. Ct. 2018), claim preclusion bars his second.

## III.

Bream already had his day in state court. So we will affirm the District Court's order dismissing the complaint.