J-A25020-22

IN RE: ESTATE OF HERMAN     :    IN THE SUPERIOR COURT OF
EDWARD RAWLINGS, DECEASED   :       PENNSYLVANIA
                                 :
                                   :
APPEAL OF: EDWARD D.               :
RAWLINGS, INDIVIDUALLY AND AS    :
EXECUTOR OF THE ESTATE OF       :
HERMAN E. RAWLINGS, DECEASED,   :
ANN R. HOOVER, AND AMY R.       :    No. 209 WDA 2022
WILLIAMS

Appeal from the Order Entered January 25, 2022
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 02-15-4373

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

JUDGMENT ORDER BY NICHOLS, J.:       **FILED: FEBRUARY 6, 2023**

Briefly, this matter came before the orphans' court on a petition and an

amended petition for a Rule to Show Cause Why Funds Should not be Returned

to the Estate of Herman E. Rawlings (the Estate), filed by Mary Belle Rawlings

(Decedent's Wife), in a probate dispute with Edward D. Rawlings (the

Executor), the son of Herman E. Rawlings (Decedent). This Court reversed

the orphans' court's January 29, 2018 order awarding Decedent's Wife

$300,000 from the Estate, and remanded for the orphans' court to prepare an

adjusted calculation based on legally sufficient evidence.[1] Review of the

record indicates that the orphans' court's January 25, 2022 order, *inter alia*,

directed Ann R. Hoover, Amy R. Williams, and Edward D. Rawlings in their

individual capacities (collectively, Decedent's Children) to repay the Estate,

---

[1] ***See In re Estate of Rawlings***, 274 WDA 2018, 2019 WL 3290643, at *1-
8 (Pa. Super., Jul. 22, 2019) (***Rawlings I***) (unpublished mem.).

and made Decedent's Children potential judgment debtors of the Estate. The Executor is one of Decedent's Children. Thomas J. Dempsey, Jr., Esq., represents both Decedent's Children and the Executor. Accordingly, we vacate the January 25, 2022 order and remand to the orphans' court for further proceedings to determine whether there is a conflict of interest between Decedent's Children as debtors to the Estate and the Executor/Estate's interests as the party owed the debt. **See Seifert v. Dumatic Indust. Inc.**, 197 A.2d 454, 456 (Pa. 1964) (providing that courts may raise questions concerning a conflict of interest *sua sponte*); **Middleberg v. Middleberg**, 233 A.2d 889, 890 (Pa. 1967) (stating that "the test of a conflicting interest is not the actuality of conflict, but the possibility that conflict may arise"); **see also** Pa.R.P.C. 1.7, 1.13.

Following resolution of the conflict issue, we direct the orphans' court to address its conclusion that the Decedent's Children waived certain appellate issues or that these issues were barred by the doctrine of law of the case. **See** Orphans' Ct. Op., 4/6/22, at 3-4 (stating that issues concerning the timeliness of Decedent's Wife's claim,[2] the Dead Man's Act, Decedent's Wife's waiver of a share of the Estate, jurisdiction, and liability of the Decedent's Children "should have been raised in the initial proceedings"). We are concerned with the conclusion that Decedent's Children could have presented or waived issues in the prior appeal where they were not parties and may not

---

[2] Decedent's Wife died on January 25, 2020, during remand and her estate was substituted as a party. **See** Substitution of Party Notice, 7/29/20.

have been aggrieved by the order on appeal in **Rawlings I**. Decedent's Children's potential liability to the Estate was not determined by this Court in the prior appeal. **See Rawlings I**, at *7. The issue was addressed for the first time in the orphans' court's January 25, 2022 order. Accordingly, it does not appear that Decedent's Children could have raised the instant issues until the orphans' court filed its January 25, 2022 order, therefore, Decedent's Children may not have waived appellate issues instantly, if they were not aggrieved parties. **See** Pa.R.A.P. 501; **see also Richards v. Ameriprise Financial, Inc.**, 217 A.3d 854, 864 (Pa. Super. 2019) (holding that a party cannot be faulted for failing to appeal an issue where it was not an aggrieved party). Moreover, the law of the case doctrine precludes the trial court from reopening issues that were decided by a higher court in an earlier appeal in the same case. **See Heart Care Consultants, LLC v. Albataineh**, 239 A.3d 126, 131 (Pa. Super. 2020). However, the law of the case prohibition applies only where the appellate court ruled on a specific issue. **Id.** Here, because the **Rawlings I** Court did not rule on any issues concerning the Decedent's Children, the law of the case doctrine would not apply to those claims as the orphans' court concluded. Where no issues were decided as to the Decedent's Children in the prior litigation, the law of the case doctrine appears to apply only to the Executor, underscoring the potential for conflict as it is undisputed that the Estate was held liable to Mrs. Rawlings.

For these reasons, we conclude that our appellate review in the instant appeal is impeded due to the absence of a record and findings on the above-

described issues. ***See, e.g., Richards***, 217 A.3d at 872. Therefore, we are constrained to vacate the January 25, 2022 order, and remand to the orphans' court for further proceedings consistent with this judgment order.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2023