J-S11017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD WEBER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA MILLER | : | No. 1249 WDA 2024 |

Appeal from the Order Entered September 3, 2024
In the Court of Common Pleas of Erie County Civil Division at No(s):
11525-2024

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: JUNE 11, 2025**

Appellant, Richard Weber, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which denied his petition for leave to proceed *in forma pauperis* ("IFP"), denied his motion for an emergency preliminary injunction, and dismissed the action as frivolous pursuant to Pa.R.C.P. 240(j)(1).  We affirm.

The relevant facts and procedural history of this matter are as follows. Appellant, an inmate incarcerated at State Correctional Institution ("SCI") Camp Hill, was previously married to Amanda Miller ("Appellee").  Appellant has brought suit against Appellee at least three times.[1]

**Prior Litigation at Docket No. 11245-2022**

On May 27, 2022, at Docket No. 11245-2022, Appellant filed a complaint

---

[1] Appellee's brief references seven separate dockets.

against Appellee, asserting that she had abused her authority under a power of attorney through misappropriation of his personal property, and a litany of other related claims. After ensuing litigation and several amended complaints, on April 10, 2024, the trial court sustained Appellee's preliminary objections and dismissed the complaint.

On May 15, 2024, Appellant filed a motion for reconsideration, which the trial court denied on May 16, 2024. On June 3, 2024, Appellant filed a "motion to rescind" the court's order denying his motion for reconsideration, which the trial court treated as a second request for reconsideration. On June 7, 2024, the trial court denied that motion.

On June 12, 2024, Appellant purported to appeal from the May 16, 2024 order denying his motion for reconsideration, and his appeal was docketed in this Court at No. 751 WDA 2024.[2] On June 14, 2024, Appellant purported to appeal from the June 7, 2024 order denying his "motion to rescind," and his appeal was docketed in this Court at No. 752 WDA 2024.[3]

On August 1, 2024, at both docket Nos. 751 WDA 2024 and 752 WDA 2024, this Court issued rules to show cause why Appellant's appeals should

---

[2] Although Appellant's notice of appeal was not docketed until June 21, 2024, because Appellant was incarcerated when he submitted this filing, we use the date listed on the certificate of service for his notice of appeal as the operative filing date. **See Commonwealth v. Crawford**, 17 A.3d 1279 (Pa.Super. 2011) (explaining that under "prisoner mailbox rule," we deem *pro se* document filed on date it is placed in hands of prison authorities for mailing).

[3] We use June 14, 2024 as the operative filing date pursuant to the prisoner mailbox rule. **See id.**

not be dismissed because they had been taken from orders denying motions for reconsideration and were not timely filed from the underlying order dismissing Appellant's complaint.[4]

Appellant filed responses to the rules to show cause, arguing that he was challenging the trial court's final order of April 10, 2024. Appellant contended that he had placed his notice of appeal in the prison's mailbox prior to the expiration of the thirty-day period to file an appeal and that, pursuant to the prisoner mailbox rule, his appeal was timely. Additionally, Appellant cited Pa.R.A.P. 1701(b)(3) in support of his argument.[5]

On August 23, 2024, this Court quashed both of Appellant's appeals taken from the trial court docket No. 11245-2022 as improperly taken from orders denying reconsideration, and as untimely to challenge the underlying April 10, 2024 order.

**Litigation at the Current Docket No. 11525-2024**

On June 21, 2024, while his appeals from the orders entered at docket

---

[4] Thirty days from April 10, 2024 (the date the court dismissed Appellant's complaint), was Friday, May 10, 2024. *See* Pa.R.A.P. 903(a) (stating except as otherwise prescribed by rule, notice of appeal shall be filed within 30 days after entry of order from which appeal is taken).

[5] Rule 1701(b)(3), however, is inapplicable here because the trial court did not grant Appellant's motion for reconsideration—it denied the motion. *See* Pa.R.A.P. 1701(b)(3) (noting that after appeal is taken, trial court may grant reconsideration of order which is subject of appeal if order **expressly granting** reconsideration of prior order is filed in trial court within time prescribed by rules to file notice of appeal, and that where timely order of reconsideration is entered, time for filing notice of appeal or petition for review begins to run anew after entry of decision on reconsideration).

- 3 -

No. 11245-2022 were pending, Appellant filed the instant complaint, similarly alleging that Appellee had abused her power of attorney. On July 8, 2024, Appellant filed a petition for leave to proceed IFP. On August 23, 2024, Appellant filed an emergency motion for a preliminary injunction.

On September 3, 2024, the trial court issued an order denying Appellant's petition and motion and dismissing the complaint. The court found that the claims raised in this complaint were similar to those lodged in the prior action, and dismissed the complaint under Pa.R.C.P. 240(j). Further, the court noted that Appellant would not be able to show a likelihood of success on the merits, and dismissed Appellant's motion for a preliminary injunction.

Appellant timely filed a notice of appeal on September 24, 2024. On October 1, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On October 11, 2024, Appellant timely complied.

Appellant raises a single issue for review:

> Whether the [trial c]ourt erred and abused its discretion when it applied *res judicata* and/or *lis pendens* and dismissed the complaint instead of allowing the action to proceed?

(Appellant's Brief at 1).[6]

We first address Appellant's argument that the trial court erred in dismissing his complaint as barred by *res judicata.* Appellant appears to

---

[6] We note that Appellant has now abandoned any challenge on appeal to the court's denial of his petition to proceed IFP or denial of his motion for an injunction.

assert that in the prior case, 1) there was not an identity of issues or causes of action; 2) there was no final judgment on the merits; and 3) that he did not have a full or fair opportunity to litigate the issue in question. Appellant concludes that the trial court improperly dismissed his complaint on these grounds, and this Court must grant relief. We disagree.

Preliminarily, we note that an appellant's *pro se* status does not relieve him of the duty to follow the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa.Super. 2008). Our Rules of Appellate Procedure make clear that appellate briefs must conform in all material respects to the briefing requirements set forth in the Rules. Pa.R.A.P. 2101. Arguments must be followed by an appropriate discussion and citation of pertinent authorities. *See* Pa.R.A.P. 2119(a). Where an appellant fails to properly raise or develop issues on appeal, or where a brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *See Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those

where party has failed to cite relevant authority in support of contention). Indeed, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014).

Here, Appellant presents only a conclusory argument section, lacking any citation to the record. Instead, Appellants cites only a single case that is not particularly relevant,[7] and proffers boilerplate conclusions regarding the elements of *res judicata* he does not believe are met. As Appellant's argument section is woefully inadequate, his claims related to *res judicata* are waived. *See Lackner, supra*; *Butler, supra*.

Moreover, even if not waived, Appellant would not be entitled to relief. Pennsylvania Rule of Civil Procedure 240(j) provides:

**Rule 240. *In Forma Pauperis***

\* \* \*

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

*Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in

---

[7] Appellant cites *In re Iulo*, 564 Pa. 205, 210, 766 A.2d 335, 337 (2001), a disciplinary board proceeding, apparently solely for its statement of the elements of *res judicata* and collateral estoppel. (*See* Appellant's Brief at 3).

> fact." ***Neitzke v. Williams***, 490 U.S. 319, 109 S.Ct.
> 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. 240(j)(1). In other words, under Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." ***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa.Super. 2004) (holding that trial court properly dismissed complaint because *pro se* complainant failed to set forth valid cause of action). Claims barred by *res judicata* do not set forth valid causes of action. ***See Kirby v. Thompson***, No. 304 WDA 2024 (Pa.Super. filed Feb. 7, 2025) (unpublished memorandum) (affirming trial court's dismissal under Rule 240(j)(1) where plaintiff's claims were barred by *res judicata*).[8]

The doctrine of *res judicata* serves to preclude litigation of claims for which final judgment on the merits has previously been entered. Specifically:

> *Res judicata*, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of relitigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that relitigation of a claim would breed.

***Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.***, 587 Pa. 590, 607, 902 A.2d 366, 376 (2006) (citations omitted). *Res judicata* "preclud[es] parties from contesting matters that they have had a full and fair opportunity

---

[8] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).

to litigate." ***In re Stevenson***, 615 Pa. 50, 67, 40 A.3d 1212, 1222 (2012) (quoting ***Taylor v. Sturgell****,* 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). As a result, a final judgment on the merits of the action is required to establish *res judicata*. ***See id.*** "A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." ***Shaffer v. Smith***, 543 Pa. 526, 530, 673 A.2d 872, 874 (1996).

> For *res judicata* to apply, there must be four common elements between the two actions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties. When examining these elements, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. *Res judicata* may bar a second action based upon the same transaction even if additional grounds for relief are presented.

***Khalil v. Cole***, 240 A.3d 996, 1002 (Pa.Super. 2020) (citations and quotations omitted). In other words:

> Where the acts and alleged wrongs on which both actions are based are identical, identity of the cause of action exists and *res judicata* applies, even if the later action seeks different relief. A party cannot avoid the consequences of a prior judicial determination merely by altering the character of the relief sought. Where the damages suffered are a consequence of the same actions alleged in an earlier suit, a new cause of action is not present merely because the relief sought has changed.

***Heart Care Consultants, LLC v. Albataineh***, 239 A.3d 126, 133 (Pa.Super. 2020) (internal citations omitted).

Instantly, the trial court observed:

> [Appellant] has brought suit against [Appellee] at least three times before. **See Weber v. Miller** (11245-2022), **Weber v. Erie County et al.** (11818-2023), and **Weber v. Miller et al.** (10335-2024). Notably in the first of these cases—which was properly dismissed and is now on appeal to the Superior Court—[Appellant] brought suit against [Appellee,] claiming she abused her authority under a power of attorney through misappropriations of [his] personal property, and assets, accounts, equity, bank accounts, stocks and shares, as well as breach of contract, intentional [infliction of] emotional distress (IIED), fraud, thefts, and forgery, thefts by deceptions and pain and suffering[.]" Sixth Am. Compl., ¶ 1 (Docket 11245-2022). These claims bear a striking resemblance to the allegations lodged in this action. **See** Complaint, ¶ 7 (stating "[Appellee] abused her authority granted to her through the Power of Attorney by breaching the Power of Attorney contract and inflicting pain and suffering upon [Appellant]").

> \* \* \*

> Here, the elements of *res judicata* are satisfied. First, there is an identity of issues, namely [Appellee's] alleged abuse of her power of attorney. Second, there is an identity of causes of action, specifically breach of contract (really breach of fiduciary duty) and what appears to be a cause of action for intentional infliction of emotional distress. Furthermore, the identity of the parties to the action are identical, as is the quality or capacity of the parties being sued. As such, the doctrine of *res judicata* bars the claims asserted in the Complaint and the lawsuit lacks an arguable basis of law, if not fact. In other words, the Complaint does not set forth a valid cause of action. Therefore, the action is frivolous and must be dismissed.

(Trial Court Opinion, 9/3/24, at 2-3). The record supports the trial court's conclusion that all elements of *res judicata* are satisfied. **See Khalil, supra**.

Although Appellant claims that there is not an identity of issues or actions because one complaint sounded in tort and one in breach of contract, the damages suffered are a consequence of the same actions alleged in his

prior suit, and "a new cause of action is not present merely because the relief sought has changed." **See Heart Care Consultants, LLC, supra** at 133. Additionally, in the prior action, the trial court sustained Appellee's preliminary objections on multiple grounds and dismissed the complaint, and that determination was not reversed on appeal (because the appeals were quashed). Thus, there was a final judgment on the merits, because a judgment is deemed final for purposes of *res judicata* **unless** it is reversed on appeal. **See In re Stevenson, supra**; **Shaffer, supra**. Finally, it is unclear how Appellant lacked a full and fair opportunity to litigate the issues when his prior action involved six amended complaints. (**See** Trial Court Opinion at 2-3). Based upon the foregoing, we agree with the trial court that all elements of *res judicata* are satisfied, and as a result, Appellant's current complaint fails on its face to set forth a valid cause of action. **See Bell, supra**; **Kirby, supra**.[9] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/11/2025

---

[9] Due to our resolution of Appellant's appeal based on the application of *res judicata*, we decline to address his arguments regarding *lis pendens*.